HUXFORD *v.* MEINHART & SCHAUL.

A, in person, and B, through a representative, entered into a parol agreement by which A was to become liable to B for the debt of a third person.　Subsequently A wrote to B a letter, which merely purported to give A's understanding of the terms of the agreement.　B sued A on the agreement, and

A did not plead the statute of frauds. *Held*, that the letter was not the contract, but was merely a written admission as to its terms ; and it was error to refuse to allow A to testify to a version of the agreement different from that expressed in the letter

Submitted February 17,—Decided March 3, 1904.

Action on guaranty.    Before Judge Quincey.    City court of Douglas.    April 13, 1903.

*Lankford & Dickerson* and *Dart & Roan,* for plaintiff in error. *Simon W. & James W. Hitch,* contra.

FISH, P. J.   The defendant agreed, for a valuable consideration, to be liable to plaintiffs for an account to be contracted with them by Gillis.   Gillis thereafter contracted an account to the amount of $700.48.   Subsequently a disagreement arose between plaintiffs and defendant as to the extent of the latter's liability; it being then contended by the defendant that he was to be responsible for only one half of the account; and a parol agreement was entered into in reference to the matter between the defendant and a representative of plaintiffs.   Thereafter the defendant wrote to plaintiffs a letter, a copy of which is as follows:   "Dear Sirs:   I will protect you in half of the J. W. Gillis acct., and instructed your Mr. Einstein to so inform you; but in the meantime I hope you will be as lenient with me as possible, and I will help you collect the balance as far as I am able.   Trusting this will meet your approval, I am yours truly, C. Huxford."   At the trial the representative of the plaintiffs with whom the parol agreement was entered into by defendant testified that the agreement was to the effect that the defendant was to be liable to pay $350.48 in the event Gillis did not pay the account.   The defendant offered to testify that the agreement between him and the representative of the plaintiffs was, not that he was to pay one half of the account, but that he was to see that at least one half of it was paid by Gillis, and that he was to be liable for only so much of one half of the account as Gillis did not pay.   The court rejected this evidence.   There was evidence that Gillis had paid $250 of the account; the plaintiffs contending that the defendant was liable for $350.24, and the defendant contending that he was liable for only $100.24.

It is insisted that the ruling of the court was correct, because the evidence offered tended to contradict and vary the writing

above referred to, which it is claimed was unambiguous. The writing was not the contract. It was simply a written declaration by the defendant of what he, at the time the letter was written, understood to be the terms of the agreement which had been previously entered into between him and the representative of the plaintiffs. What was the contract between the parties depended upon what took place prior to the writing of the letter. While the letter might be used as an admission of the defendant, it was not the contract, and therefore did not preclude the defendant from giving in parol his version of the transaction as he then understood it. The representative of the plaintiffs had been heard fully before the jury as to his version; the defendant was entitled to be heard in the same manner; and it was for the jury to determine what was the truth in reference to the transaction. In passing upon this question, of course, the jury should consider the written admission of the defendant. The evidence should have been admitted, and the case submitted to the jury under appropriate instructions.

While the defendant in his plea denied that he ever agreed in writing to pay the account, the plea does not in terms set up the want of a writing as a defense to the action, and we have therefore treated the case as if the statute of frauds was not pleaded.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*